1
2
3
4
5

TAMARA N. TRAWICK (SBN: 279778)
tamara@trawicklaw.com
**TRAWICK LAW, APC**
406 9th Avenue, Suite #211
San Diego, California 92101
Telephone:  (619) 537-9660
Facsimile:  (858) 362-8827

6
7

***Attorney for Plaintiff***
Cameron Salimi

8

9

## UNITED STATES DISTRICT COURT

10

## SOUTHERN DISTRICT OF CALIFORNIA

11

CAMERON SALIMI, an individual,

Civil Action No.:   **'14 CV 1459 MMA RBB**

12

Plaintiff,

**COMPLAINT FOR:**

13

14

vs.

- **VIOLATIONS OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT;**

15

16
17

ASSET ACCEPTANCE, LLC, a
Delaware limited liability company,
and, DOES 1 to 10, Inclusive.

- **VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**

18
19

Defendants.

- **NEGLIGENT VIOLATIONS OF FEDERAL TELEPHONE CONSUMER PROTECTION ACT;**

20
21
22

- **KNOWING AND WILLFUL VIOLATIONS OF FEDERAL TELEPHONE CONSUMER PROTECTION ACT; AND,**

23
24

- **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200, *et seq.***

25

**Jury Trial Demanded**

26
27
28

-1-

Plaintiff CAMERON SALIMI ("Mr. Salimi" or "Plaintiff") complains against Asset Acceptance, LLC ("Asset" or "Defendant") and DOES 1 through 10, (all defendants collectively, "Defendants") as follows:

## INTRODUCTION

1.     In violation of the federal Fair Debt Collection Practices Act ("FDCPA"), Defendants are employing abusive and unfair business practices to attempt to collect an alleged debt in California from Mr. Salimi.  Defendants' deceptive practices are prohibited under the FDCPA, the California Rosenthal Fair, Debt Collection Practices Act ("the Rosenthal Act"), California Business and Professions Code section 17200, *et seq.,* and the federal Telephone Consumer Protection Act, ("TCPA") which prohibits making unconsented telephone call to cellular phones.  Accordingly, Plaintiff brings this action to enjoin preliminarily and permanently Defendants' unlawful business practices and seeks consumer restitution, civil penalties, attorney's fees and costs, punitive damages, and other equitable relief the Court deems appropriate.

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction pursuant to 15 U.S.C. §1692(k)(d), 47 U.S.C. §227, *et seq.*, and 28 U.S.C. §§1331 and 1337.  Further, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3.     As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendant for purposes of this action.

4.     Venue is proper in the United States District Court, Southern District of California because at least one of the defendants resides in this District and a substantial part of the acts events, and/or omissions giving rise to the claims occurred within this District pursuant to 28 U.S.C. §1391.

## JURY TRIAL DEMANDED

5.     Mr. Salimi hereby demands a jury trial.

# THE PARTIES

5.     Plaintiff Cameron Salimi is an individual and is and was at all times relevant in this complaint, a resident of San Diego County, California.

6.     Plaintiff is a "consumer" within the meaning of 15 U.S.C. §1692(a)(3) being a natural person purportedly obligated to pay a credit card "debt" or "consumer debt," as defined in 15 U.S.C. §1692(a)(5) and California Civil Code §1788.2(f), to Defendant Asset Acceptance ("Debt"), which allegedly was in default at the time of Defendant violations herein.

7.     Plaintiff is a "debtor" as defined by California Civil Code §1788.2(h).

8.     Plaintiff is a "person" as defined by 47 U.S.C. §153(32).

9.     Plaintiff is informed and believes that Defendant is and was at all times relevant in this complaint, a Delaware limited liability company with its principal place of business at 28405 Van Dyke Avenue, Warren, Michigan 48093, who was regularly conducting and engaging in business in California.

10.    At all relevant times, Plaintiff is informed and believes and, based thereon, alleges that Defendant is, and at all times in this complaint was, a debt collection agency, who, in the ordinary course of business, regularly, on behalf of itself or others, engages in the business of collecting debts within the meaning of 15 U.S.C. § 1692(a)(6).

11.    At all relevant times, Plaintiff is informed and believes and, based thereon, alleges that Defendant is, and at all times in this complaint was, a debt collection agency, who, in the ordinary course of business, regularly, on behalf of itself or others, engages in the business of collecting debts within the meaning of California Civil Code §1788.2(c).

12.    The true names and capacities, whether individual, corporate, association, or otherwise of Defendants named herein as DOES 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek to leave to amend this complaint to allege their true names and

capacities when the same have been ascertained.  Plaintiff is informed and believes that each of the fictitiously named Defendants and/or their agents and employees are responsible in some manner for the events and happenings alleged in this complaint, and proximately caused Plaintiff's damages.

13.     Any and all allegations about Defendants' acts shall mean that Defendants did the acts alleged through their officers, directors, managers, agents, representatives and/or employees while they were acting within the scope of their authority.

## **FACTUAL ALLEGATIONS**

10.     At all times herein, Defendant was attempting to collect from Plaintiff an alleged Debt as defined by 15 U.S.C. §1692(a)(5).

11.     At all times herein, Defendant was attempting to collect from Plaintiff an alleged Debt as defined by California Civil Code §1788.2(f).

12.     Beginning on or about February 7, 2013, and on multiple occasions since that time, Defendant contacted and/or attempted to contact Plaintiff by phone calls as much as 48 or more times.

13.     On information and belief, Plaintiff made his last payment on or around November 20, 2007 and the Debt was time-barred under California law.

14.     Defendant has constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt with the intent to annoy, abuse, and/or harass him.

15.     These phone calls were communications within the meaning of 15 U.S.C. §1692(a)(2) and California Civil Code §1788.2(b).

16.     By engaging in the foregoing conduct, the natural consequences being harassment and oppression of the Plaintiff in connection with the collection of the time-barred Debt, Defendant violated 15 U.S.C. §1692(d).

17.     Defendant placed these calls to Plaintiff's cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1).

18.     Plaintiff answered some of these calls and there was a several second pause with "dead air" before a live Asset operator came onto the line.  This pause or dead air is indicative of the use of an automatic telephone dialing system.

19.     Plaintiff did not provide "express consent" allowing Defendant to place telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system" within the meaning of 47 U.S.C. §227(b)(1)(A).

20.     Under TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

21.     Defendant's misconduct in placing these telephone calls to Plaintiff's cellular phone was negligent and Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

22.     Defendant's misconduct in placing these telephone calls to Plaintiff's cellular phone was willful and knowing and Plaintiff is entitled to an award of $1500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(C).

23.     As a result of Defendant's illegal conduct, Plaintiff suffered damages including but not limited to incurring certain cellular telephone charges or reduced cellular telephone time for which Plaintiff previously paid.

24.     On or around November 20, 2013, Plaintiff mailed a letter via certified mail, return receipt requested, demanding validation of alleged debt and demanding Defendant to cease communications with Plaintiff ("Cease Contact Letter").  A copy of this letter is attached hereto as Exhibit "A" and is incorporated herein by reference.  A copy of the return receipt for this letter is attached hereto as Exhibit "B" and is incorporated herein by reference.

25.     Defendant placed a collection to Plaintiff on his cellular phone via an

-5-

automatic telephone dialing system on or around November 19, 2013; November 22, 2013; November 26, 2013; and November 27, 2013 in attempt to collect the time-barred Debt.

26.     On or around November 22, 2013, Defendant reported the alleged Debt account to Equifax, Experian, and Transunion, but failed to report the account as disputed.

27.     On or around November 27, 2013, Defendant mailed Plaintiff a letter acknowledging receipt of Plaintiff's request to cease communication regarding the alleged Debt.  A copy of Defendant's letter is attached hereto as Exhibit "C" and is incorporated herein by reference.

28.     On or around December 2, 2013, Defendant mailed a demand letter to Plaintiff dated December 1, 2013 ("Demand Letter") requesting payment for the time-barred Debt.  A copy of the Demand Letter is attached hereto as Exhibit "D" and is incorporated herein by reference.  A copy of the envelope in which the Demand Letter was delivered is attached hereto as Exhibit "E" and is incorporated herein by reference.

29.     As a result of Defendant's violations of the FDCPA and the Rosenthal Act, Plaintiff suffered and continues to suffer from personal mental anguish, anxiety, and emotional distress injury; and Defendant is liable for Plaintiff's actual and statutory damages, costs, and attorney's fees.

30.     Because Defendant violated certain sections of the FDCPA as specifically set out herein, as these sections are incorporated by reference in the California Civil Code §1788.17, this conduct or omission also violated the Rosenthal Act.

/////

/////

/////

/////

## FIRST CAUSE OF ACTION

## Violations of the Federal Fair Debt Collection Practices Act

## 15 U.S.C. §§1692, *et seq.*

31.     Plaintiff repeats, re-alleges, and incorporate by reference all the allegations contained in the paragraphs 1-30.

32.     Defendant mailed the Demand Letter to Plaintiff after he notified Defendant in writing a demand to cease communications with respect to the Debt in violation of 15 U.S.C. §1692(c)(c).

33.     Defendant placed calls to Plaintiff's cellular phone after he notified Defendant in writing a demand to cease communications with respect to the Debt in violation of 15 U.S.C. §1692(c)(c).

34.     Defendant engaged in conduct that was harassing and oppressive in violation of 15 U.S.C. §1692(d).

35.     Defendant used false representation by failure to communicate that a disputed debt is disputed when it reported the account to the credit reporting agencies in violation of 15 U.S.C. §1692(e)(8).

36.     Plaintiff has suffered damages as a direct and proximate result of Defendant's actions in violation of the FDCPA.

## SECOND CAUSE OF ACTION

## Violations  of the Rosenthal Fair Debt Collection Practices Act California Civil Code §§1788, *et seq.*

37.     Plaintiff repeats, re-alleges, and incorporate by reference all the allegations contained in the paragraphs 1-36.

38.     Defendant violated the California Rosenthal Fair Debt Collection Practices Act.  Defendant's violations include, but are not limited to, the following:

- Defendant violated California Civil Code §1788.17 by violating the following FDCPA sections: 15 U.S.C. §1692(c)(c) by mailing Plaintiff the Demand Letter and calling Plaintiff after he notified

Defendant in writing a demand to cease communications; 15 U.S.C. §1692(d) by engaging in conduct that was harassing and oppressive; 15 U.S.C. §1692(e)(8) by using false representation for failure to communicate that a disputed debt is disputed when it reported the account to the credit reporting agencies.

39.     As a direct and proximate result of the above violations of the Rosenthal Act, Defendant directly and proximately caused Plaintiff to suffer damages.

## THIRD CAUSE OF ACTION

### Negligent Violations  of the Telephone Consumer Protection Act
### 47 U.S.C. §§227, et seq.

40.     Plaintiff repeats, re-alleges, and incorporate by reference all the allegations contained in the paragraphs 1-39.

41.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227, et seq.

42.     Because of Defendant's negligent violations of 47 U.S.C. §227, et seq., Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

43.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations  of the Telephone Consumer Protection Act
### 47 U.S.C. §§227, et seq.

44.     Plaintiff repeats, re-alleges, and incorporate by reference all the allegations contained in the paragraphs 1-43.

45.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or wilful violations of TCPA, including but not limited to

1    each and every one of the above-cited provisions of 47 U.S.C. §227, *et seq.*

2        46.     Because of Defendant's negligent violations of 47 U.S.C. §227, *et*

3 *seq.*, Plaintiff is entitled to an award of $1500.00 in statutory damages for each and

4 every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

5        47.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such

6 conduct in the future.

7 **FIFTH CAUSE OF ACTION**

8 **Violations of California Business and Professions Code §§17200, *et seq.***

9        48.     Plaintiff repeats, re-alleges, and incorporate by reference all the

10 allegations contained in the paragraphs 1-47.

11        49.     California Business and Professions Code §§17200, *et seq.* prohibits

12 unfair, unlawful, and fraudulent business practices.

13        50.     Defendant has engaged in unfair competition as defined by the

14 Business and Professions Code §§17200, *et seq.*

15        51.     Defendant's acts and practices as alleged herein are unfair because

16 the utility of the conduct is outweighed by the gravity of the harm it causes. Further,

17 Defendant's conduct is unfair because it offends established public policy or is

18 immoral, unethical, oppressive, unscrupulous, and substantially injurious to

19 consumers. And, as detailed above and below, Defendant's conduct violates

20 consumer laws, specifically the FDCPA, the Rosenthal Act, and the TCPA; violates

21 the spirit of these statues, and otherwise significantly threatens or harms consumers.

22 Defendant's conduct has caused substantial injury, which was not reasonably

23 avoidable by Plaintiff, and is not outweighed by countervailing benefits to

24 consumers or competition.

25        52.     Defendant's actions constitute unlawful practices because it engaged

26 in the following acts:

27          a. Violating the California Rosenthal Fair Debt Collection Practices

28            Act;

-9-

1    b.  Violating the federal Fair Debt Collection Practices Act; and,

2    c.  Violating the federal Telephone Consumer Protection Act.

3    53.    Plaintiff suffered injury in fact and monetary damages as a direct and

4    proximate result of Defendant's actions.

5    54.    Defendant is engaging, has engaged, and there is a substantial

6    likelihood that they will continue to engage in this unlawful and unfair competition

7    unless enjoined by this Court.  As such, pursuant to Business and Professions Code

8    section 17203, Defendants should be enjoined from unlawful and unfair business

9    acts.

10   **PRAYER FOR RELIEF**

11   WHEREFORE, Plaintiff prays that judgment be entered against

12   Defendant, and for Plaintiff, and prays for following relief:

13   1.    Pursuant to Business and Professions Code §17203, that Defendant

14         be permanently enjoined from violating Business and Professions

15         Code §§17200, *et seq.*, in connection with the violations alleged in

16         this Complaint;

17   2.    Restitution under §17203 of the Business and Professions Code;

18   3.    Pursuant to 15 U.S.C. §1692(k), $1000.00 in statutory damages for

19         Defendant's violation of the FDCPA;

20   4.    Pursuant to the California Civil Code §1788.30, $1000.00 in

21         statutory damages for Defendant's violations of the Rosenthal Act;

22   5.    Actual damages, including but not limited to legal fees and costs

23         incurred, in accordance with proof at trial, pursuant to 15 U.S.C.

24         §1692(k)(a)(1) and California Civil Code §1788.30(a);

25   6.    Award of statutory damages of $500.00 for each and every negligent

26         violation of the TCPA, pursuant to 47 U.S.C. §227(b)(3)(B);

27   7.    Award of statutory damages of $1,500.00 for each and every

28         knowing and/or willful violation of the TCPA, pursuant to U.S.C.

-10-

1  §227(b)(3)(C);

2      8.      Award of the costs of litigation and reasonable attorney's fees,

3                 pursuant to 15 U.S.C. §1692(k)(a)(3) of the FDCPA and California

4                 Civil Code §1788.30(c) of the Rosenthal Act.

5      9.      Any other relief the court deems proper.

6

7

8  Dated: June 16, 2014                      Respectfully submitted,

9

10

11                                     By    /s/  Tamara N. Trawick

12                                     TAMARA N. TRAWICK
                                   *Attorney for Plaintiff* Cameron Salimi
                                   Email: tamara@trawicklaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

Exhibit A

Cameron R. Salimi
1220 Rosecrans St # 215
San Diego CA, 92106

November 20, 2013

Asset Acceptance, LLC
P.O. Box 2036
Warren, MI 48090-2036

**Re: Acct # 40169445**

To whom it may concern:

This letter is to advise you that I am disputing the accuracy of the information provided to the credit report agencies and in your dunning letter, dated November 1, 2013. I seek verification of the debt and the name of the alleged original creditor. Further, I demand that you do not attempt to communicate with me further to attempt to collect the above-listed debt from me.

As you are aware, pursuant to the Federal Fair Debt Collection Practices Act and California Fair Debt Collection Practices laws, upon receipt of this letter you must immediately stop all communications with me. You may contact me only to advise that further collection efforts are being terminated or to notify me that you intend to pursue a lawsuit against me. Thus, if you continue to communicate with me other than to inform me that further collections efforts are being terminated or that you intend to invoke your rights to collect, I may be forced to seek legal action against you. If I am forced to seek legal action, you may be liable for incidental and consequential damages, costs, and possibly punitive damages.

Please do not contact me.

Sincerely,

Cameron R. Salimi

# Exhibit B



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postmark
NOV 2 0 2013

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Sent To

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006                See Reverse for Instructions

7011 0110 0001 7730 9037

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Asset Acceptance, LLC
P.O. Box 2036
Warren, MI 48090-2036

2. Article Number
   (Transfer from service label)    7011 0110 0001 7730 9037

PS Form 3811, February 2004     Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                      □ Agent
                                       □ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
                                       2 5 NOV 2013

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:         □ No

U.S. POSTAL SERVICE
28401 MOUND RD.
WARREN, MI 48090-99

3. Service Type
   □ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

102595-02-M-1

Exhibit C

**Asset Acceptance, LLC**
PO Box 2036
Warren, MI 48090

November 27, 2013

CAMERON R SALIMI
1220 ROSECRANS
ST # 215
SAN DIEGO CA 92106

Original Creditor Name: CITIBANK
Original Creditor Acct # 5466160038514947
Creditor to Whom the Debt is Owed: Asset Acceptance, LLC
Asset Acceptance, LLC Acct # 40169445
Current Balance: $13,415.07

Dear CAMERON R SALIMI

Thank you for your request for further information regarding the above referenced account.

We purchased this account on September 10, 2009. The previous creditor informed us that the account was associated with CAMERON R SALIMI, with a Social Security Number ending in XXX-XX-8258.

We understand that you are disputing the accuracy of our records concerning the above referenced account. After reviewing the information you provided, as well as our account notes, and information provided by the previous creditor, we are unable to determine the nature of your dispute, and consequently deny that our records are inaccurate.

If you still believe the account information is inaccurate, please provide an explanation of why you believe it is inaccurate along with any documentation you have supporting this explanation. Upon receipt of this new information we will be happy to reinvestigate our records.
In accordance with your request to cease communication regarding this account, we will initiate no further contact with you unless requested to do so by you in writing, or as permitted by law.

The Current Balance may vary due to payments.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,

K. Richards
Toll Free (877) 234-3936 Ext 8642
Debt Collector
Asset Acceptance, LLC

**Important Disclosure**

Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a

# Exhibit D

## Asset Acceptance, LLC

P.O. Box 2036, Warren, MI 48090-2036

ORIGINAL CREDITOR: **CITIBANK**

| | |
|---|---|
| Original Creditor Acct #: | XXXXXXXXXXXX4947 |
| Asset Acceptance, LLC Acct #: | 40169445 |
| Current Balance: | $13415.07 |
| **DISCOUNTED Settlement Amount:** | **$2012.26** |
| Expiration Date: | **12/31/2013** |

> **SETTLEMENT OFFER**
>
> Receive this
>
> # 85%
> # DISCOUNT
>
> when payment is made
> on or before **12/31/2013**

December 1, 2013

Dear Cameron R Salimi:

We would like to help you eliminate this debt with us. Your current balance is $13415.07, but if you pay us $2012.26 by 12/31/2013, we will close your account and consider it paid. That's an 85% discount or a savings of $11402.81! Why wait? Act now!

### TO ACCEPT THIS OFFER YOU NEED ONLY TAKE ONE OF THE FOLLOWING ACTIONS:

- Call Marie Holland toll-free at (877) 850-0087 ext. 1795 today to discuss the offer details and set up your payment arrangement.
- Go online to www.aallc.solvemydebt.com using your debit card, credit card, or checking account. Your Login ID is your Asset Acceptance, LLC Acct#: 40169445. Enter the last 4 digits of your Social Security Number for your password.
- Mail a check or money order made payable to Asset Acceptance, LLC using remittance coupon below and the enclosed return envelope.

### BENEFITS OF ACCEPTING THIS OFFER

- A zero balance on your CITIBANK account with us.
- A paid account letter upon request.

The settlement offer outlined in this letter is guaranteed through the referenced expiration date. After this date, we reserve the right to modify the settlement offer, or revoke it entirely. We are not obligated to renew this offer. Under limited circumstances, Asset Acceptance, LLC may extend the expiration date of this offer.

This offer is void if a previous settlement has been arranged. Please note that the Current Balance was calculated on 11/21/2013 and may vary due to payments and/or accrual of interest after that date.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,

Marie Holland,
(877) 850-0087 Ext. 1795
A debt collector and representative of Asset Acceptance, LLC

|  **Call**<br>(877) 850-0087 |  **Visit**<br>www.aallc.solvemydebt.com |  **Mail** slip below<br>with payment |
|---|---|---|

*Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.*

*If you have a complaint about the way we are collecting this debt, please write to us at PO Box 1658, Warren, MI 48090-1658, email us at consumercomplaints@assetacceptance.com, or call us toll-free at (877) 208-5809 between 9:00 am and 5:00 pm Eastern Standard Time, Monday - Friday.*

*The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W., Washington, D.C. 20580.*

*The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.*

See Reverse Side For Important Information Regarding Your Privacy Rights.

OS_5115

▼ Fold and detach along perforations and return with your payment. ▼

**RECEIVE THIS DISCOUNT** WITH YOUR PAYMENT ON OR BEFORE: ➤ | 12/31/2013

# Exhibit E



PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
**PAID**
GREEN BAY, WI
PERMIT NO. 226

PRINTED IN THE U.S.A.

TO

CAMERON R SALIMI
ST., # 215
1220 ROSECRANS ST.
SAN DIEGO, CA 92106-2674

P.O. BOX 2039
WARREN, MI 48090-2039

ENCLOSURES:  Valid for addressee **only**

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Cameron Salimi | ASSET ACCEPTANCE, LLC, a Delaware Corporation |

**(b)** County of Residence of First Listed Plaintiff   SAN DIEGO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
TAMARA N. TRAWICK, TRAWICK LAW, APC
406 9TH AVENUE, SUITE 211, SAN DIEGO, CA 92101
PHONE: (619) 537-9660

Attorneys *(If Known)*

'14CV1459 MMARBB

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692, et seq.
Brief description of cause:
Violations of the Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
37,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
June 16, 2014

SIGNATURE OF ATTORNEY OF RECORD
/s/ Tamara N. Trawick

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____